IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAMIRO BAHENA, | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 8532 |
| | ) | |
| v. | ) | Jeffrey T. Gilbert |
| | ) | Magistrate Judge |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel [ECF No. 10] third party Cook County State's Attorney's Office to produce a document being withheld on the basis of the deliberative process privilege. For the reasons set forth herein, Plaintiff's Motion to Compel is granted.

### I. BACKGROUND

This case arises from the arrest and incarceration of Plaintiff Ramiro Bahena for a double homicide that occurred on June 17, 2012. After he spent almost two years in jail, the Cook County State's Attorney's Office dismissed all charges against Plaintiff on April 1, 2014, and he was released from jail. Plaintiff has sued the City of Chicago and a number of individual police officers alleging malicious prosecution and violations of his Fourth Amendment rights arising from his false arrest and prosecution for the double murder. This case originally was filed in state court and was removed to federal district court on November 27, 2017 [ECF No.1].

During the course of discovery in the state court case, Defendants issued a subpoena to the Cook County State's Attorney's Office for the underlying criminal file in the state court matter, *People v. Ramiro Bahena*, Case No. 12 CR 14983. In response to Defendants' subpoena,

the State's Attorney's Office produced approximately 174 pages of documents, withheld other documents on the basis of privilege and submitted a privilege log in support of its withholding of those documents. After the case was removed, Plaintiff issued his own subpoena for the underlying criminal file.

Plaintiff initially filed this Motion to Compel [ECF No. 10] seeking the production of the documents in the State's Attorney's Office's criminal file that were being withheld on the basis of privilege. The parties have met, conferred, and resolved most of their outstanding disputes; only one issue remains. Plaintiff seeks to compel the production of one document, and the State's Attorney's Office argues that the document is protected by the deliberative process privilege. The document at issue is a two-page memorandum dated March 21, 2014, written by Assistant State's Attorney Nancy Galassini (now Aducci) (hereinafter referred to as the "Galassini Memorandum"). It was emailed by Assistant State's Attorney Galassini to Fabio Valentini who, at the time, was Chief of the Criminal Prosecutions Bureau of the State's Attorney's Office. At the same time, Galassini also sent a copy of the memo to Joseph Magats who was Deputy Chief of the Criminal Prosecutions Bureau when the memo was sent. The Galassini Memorandum includes a summary of the facts of the case and sets forth Assistant State's Attorney Galassini's observations, opinions and recommendation as to how to proceed with the Bahena prosecution.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(a)(1). A party claiming that otherwise discoverable information is privileged must "expressly make the claim," and "describe the nature of the documents, communications, or tangible things . . . in a manner . . . that will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A); *see also* FED. R. CIV. P. 45(e)(2)(A). This means that the burden rests upon the party objecting to disclosure to show why the information is privileged and should not be produced. *See Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006). Finally, district courts have broad discretion when ruling on discovery-related issues, including motions to compel brought under Rule 37(a). *See Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 629 (7th Cir. 2008); *see also* FED. R. CIV. P. 37(a).

## III. ANALYSIS

The State's Attorney's Office contends that the Galassini Memorandum constitutes deliberative process material and is protected from disclosure by the deliberative process privilege. The State's Attorney's Office characterizes the Galassini Memorandum as being used "for the purpose of an internal discussion of the matter for the purpose of making a decision on behalf of the SAO as to whether the office would *nolle prosequi* the prosecution in *People v. Ramiro Bahena*." Declaration of Joe Magats in Support of Deliberative Process Privilege [ECF 24-1], at 15-16. Plaintiff objects and seeks the production of the Memorandum. The State's Attorney's Office submitted the Galassini Memorandum to the Court for an *in camera* review.

### A. The Deliberative Process Privilege Protects Portions of the Galassini Memorandum

The deliberative process privilege "serves to protect the quality of the flow of ideas within a government agency." *United States v. Bd. of Educ. of the City of Chi.*, 610 F. Supp.

3

695, 697 (N.D. Ill. 1985); *accord United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993) ("Since frank discussion of legal and policy matters is essential to the decisionmaking process of a governmental agency, communications made prior to and as a part of an agency determination are protected from disclosure."). To this end, the privilege shields "communications that are part of the decision-making process of a governmental agency." *Farley*, 11 F.3d at 1389 (citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150-52, (1975)). These communications include "documents reflecting advisory opinions, recommendations[,] and deliberations comprising part of the process by which governmental decisions and policies are formulated." *Dep't of Interior v. Klamath Water Users Protective Assoc.*, 532 U.S. 1, 9 (2001) (citing *Sears, Roebuck & Co.*, 421 U.S. at 150).

The deliberative process privilege applies if the documents are both "'predecisional'—generated before the adoption of an agency policy—and 'deliberative'—reflecting the give and take of the consultative process." *Holmes v. Hernandez*, 221 F. Supp. 3d 1010, 1016 (N.D. Ill. 2016) (quoting *Cont'l Ill. Nat'l Bank & Trust Co. of Chi. v. Indem. Ins. Co. of N. Am.*, 1989 WL 135203, at *2 (N.D. Ill. Nov. 1, 1989)); *see also Patrick v. City of Chicago*, 111 F. Supp. 3d 909, 915 (N.D. Ill. 2015). This means that the privilege does not extend to "factual or objective material," or to documents that "an agency adopts . . . as its position on an issue." *Id.* (quoting *Cont'l Ill.*, 1989 WL 135203, at *2); *accord Enviro Tech Int'l, Inc. v. U.S. E.P.A.*, 371 F.3d 370, 374 (7th Cir. 2004). Neither does the privilege extend to "[c]ommunications made subsequent to an agency decision . . . ." *Holmes*, 221 F. Supp. 3d at 1016 (quoting *Farley*, 11 F.3d at 1389). Courts have said, however, that although the deliberative process privilege "does not justify the withholding of purely factual material, or of documents reflecting an agency's final policy decisions . . . it does apply to predecisional policy discussions, and to factual matters

inextricably intertwined with such discussions." *Patrick*, 111 F. Supp. 3d at 915, *citing Enviro Tech Int'l, Inc. v. U.S. E.P.A.*, 371 F.3d 370, 374-75 (7th Cir. 2004) (discussing the application of the deliberative process exemption under the Freedom of Information Act).

There is a two-step process for determining whether the deliberative process privilege applies. *Holmes*, 221 F. Supp. 3d at 1016; *Patrick*, 111 F. Supp. 3d at 915-916. First, the government must show that the privilege applies to the documents at issue. *Holmes*, 221 F. Supp. 3d at 1016; *see also Evans*, 231 F.R.D. at 316; *Ferrell v. U.S. Dep't of Hous. and Urban Dev.*, 177 F.R.D. 425, 428 (N.D. Ill. 1998). If the government makes out a prima facie case that the privilege applies, then the burden shifts to the party seeking disclosure to establish "a particularized need" for the documents and that the party's need for the document outweighs the government's interest in confidentiality. *Holmes*, 221 F. Supp. 3d at 1016 (quoting *Farley*, 11 F.3d at 1389; *Ferrell*, 177 F.R.D. at 429); *Patrick*, 111 F. Supp. 3d at 915.

There are three parts of the Galassini Memorandum: (1) an objective recitation of the factual evidence; (2) an assessment of the strength of that evidence that is partially factual but also includes some characterization of the evidence; and (3) a legal evaluation of the evidence. The first portion of the memorandum contains an objective summary of the facts developed during the investigation. Those facts and the summary of those facts as written by Assistant State's Attorney Galassini are not protected by the deliberative process privilege. Farther along in the memorandum, however, Galassini characterizes some of the facts and identifies some "problems" with the evidence. At the end of the Memorandum, Assistant State's Attorney Galassini provides her opinion about the ultimate weight of the evidence and whether the evidence is sufficient to prove Bahena's involvement in the homicide.

5

The Court finds the State's Attorney's Office has met its burden to show that Assistant State's Attorney Galassini's characterization of the facts, her opinion about the weight of the evidence, and her legal conclusion are protected by the deliberative process privilege. Galassini's assessment of the evidence, her recommendation, and her legal analysis and conclusion are inextricably linked to the pre-decisional policy discussion and decision that was made by the State's Attorney's Office. Therefore, the Cook County State's Attorney's Office has satisfied its burden to show that the deliberative process privilege applies to a large portion of the Galassini Memorandum though not to the strictly factual summary at the beginning of the Memorandum.[1]

This, however, does not end the Court's analysis. Next, the Court must decide whether Plaintiff has met his burden to show a particularized need for the portions of the Galassini Memorandum that are covered by the deliberative process privilege and whether that need outweighs the State's Attorney's Office's need to preserve the confidentiality of the predecisional process. Before the Court addresses whether Plaintiff has shown a particularized need for the information, though, the Court first must address Plaintiff's argument that the Cook County State's Attorney's Office waived its ability to assert the deliberative process privilege. For the reasons discussed below, the Court agrees with Plaintiff and finds that the State's

---

[1] The Court rejects Plaintiff's argument that the deliberative process privilege does not apply here because the Galassini Memorandum goes to the core of Plaintiff's allegations in this case. That argument is based on cases outside the Seventh Circuit that the Court does not find persuasive. In addition, the Court does not agree with Plaintiff that the State's Attorney's Office failed properly to invoke the deliberative process privilege because it submitted a declaration from Joseph Magats, currently the First Assistant in the Cook County State's Attorney's Office, and not from others in the State's Attorney's Office who were more responsible for the final decision to drop the charges against Plaintiff in 2014 or who are responsible today for the decision to invoke the privilege. Even if Plaintiff is correct as a procedural matter with respect to how the privilege must be invoked, however, the Court's ultimate decision in this case makes it unnecessary to resolve this threshold procedural issue.

Attorney's Office did, in fact, waive its ability to assert the deliberative process privilege as to the Galassini Memorandum.

**B. The Cook County State's Attorney's Office Has Waived the Privilege**

Assistant State's Attorney Galassini was deposed in this case. During that deposition, she was represented by an attorney with the Cook County State's Attorney's Office. Galassini testified at her deposition without objection about most of the information contained in the Galassini Memorandum. She also testified about her assessment of the purported eye witness testimony of Arturo De La Cruz and the video evidence. Assistant State's Attorney Galassini testified without objection that she advocated for the dismissal of the charges against Bahena because she had serious questions about the identity of the shooter.

Based on this testimony, there is no doubt that the Cook County State's Attorney Office waived the applicability of the deliberative process privilege to the Galassini Memorandum. Assistant State's Attorney Galassini testified about the process she and her colleagues at the State's Attorney's Office went through before deciding to dismiss the charges against Bahena, the strength of De La Cruz's eye witness testimony, which he later recanted, and the strength of the video evidence. The Galassini Memorandum provides more details about the process because it was written closer in time to when that actual decision was made, but it is perfectly consistent with Galassini's memory and deposition testimony, except to the extent that she testified that she does not recall whether she in fact wrote a memorandum.

Because Assistant State's Attorney Galassini testified at her deposition about her assessment of the evidence, the process she went through to come to her conclusion, and the ultimate decision to *nolle prosequi* the charges against Bahena, the Court concludes that the

Cook County State's Attorney's Office has waived its ability to assert the deliberative process privilege and that the Galassini Memorandum should be produced to Plaintiff.

**C. Plaintiff Has Shown a Particularized Need for the Information**

Even if the Court were to conclude there was no waiver of the deliberative process privilege, the Court also finds that Plaintiff has met his burden to show a particularized need for production of the Galassini Memorandum and that his need outweighs the interest of the State's Attorney's Office in keeping the Memorandum confidential. There are five factors the Court must consider to determine whether there is a particularized need: (1) the relevance of the documents to the litigation; (2) the availability of other evidence that would serve the same purpose; (3) the government's role in this litigation; (4) the seriousness of the litigation and the issues involved; and (5) the degree to which the disclosure of the document sought would tend to chill future deliberations within government agencies. *Holmes*, 221 F. Supp. 3d at 1018 (citing *Ferrell*, 177 F.R.D. at 429) (citation omitted). The Court concludes that all of these factors weigh in favor of finding that Plaintiff has met his burden to show a particularized need for the Galassini Memorandum and that his need outweighs the State's Attorney's Office's interest in keeping the Memorandum confidential.

The Galassini Memorandum clearly is a significant document in this case. A memorandum discussing the evidence and reasons for dismissing a criminal case by the prosecuting agency is highly relevant in a civil rights case involving claims of unlawful detention and that the criminal charges were based on false testimony. There is no other evidence that would substitute for this document which was created contemporaneously at the time the decision was made to dismiss the charges. The seriousness of the claims alleged in this lawsuit is clear. Plaintiff spent almost two years in jail accused of committing a double murder. This

8

lawsuit questions the evidence that allegedly supported those charges. The Galassini Memorandum discusses that evidence and why the prosecutors ultimately decided that the evidence did not support the charges.

The last factor to consider is the potential "chilling effect" on future deliberations of governmental agencies if the information is disclosed. In the context of this case, disclosure of the Galassini Memorandum will not reveal any more substantial information than Assistant State's Attorney Galassini already testified about during her deposition. It is a prosecutor's job to make decisions about what charges to pursue, how to prosecute a case, and, importantly, what charges should not be pursued. While information of the type involved here is sensitive and certainly confidential in an ongoing investigation, four years have passed since the decision was made to dismiss the charges against Plaintiff. It is a prosecutor's sworn duty to pursue justice and to prosecute individuals, or not, based on an objective and fair assessment of the evidence. The Court is not convinced that disclosure of the Galassini Memorandum would have a chilling effect on a future prosecutor's willingness to objectively and candidly assess a case and recommend, when appropriate, that the charges be dismissed because the facts do not support a finding of guilt beyond a reasonable doubt.

Based on all of these factors, the Court finds that even if there had been no waiver of the deliberative process privilege by the State's Attorney's Office, Plaintiff has met his burden to show a particularized need for the Galassini Memorandum in this case and that his need for the information outweighs the Office of the State's Attorney's interest in keeping the Memorandum confidential.

## IV. CONCLUSION

For all of the reasons set forth herein, Plaintiff's Motion to Compel [ECF No. 10] is granted. The Cook County State's Attorney's Office shall produce to Plaintiff's counsel the Galassini Memorandum within fourteen (14) days of the date of this Memorandum Opinion and Order.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: June 11, 2018