**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RAMIRO BAHENA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 CV 8532 |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, et al. | ) | Honorable Joan H. Lefkow |
| | ) | |
| Defendants. | ) | |

**JACQUELINE GRIFFIN, NANCY ADDUCI AND JAMIE SANTINI'S**
**MOTION FOR PROTECTIVE ORDER**

Non-parties, Assistant State's Attorneys Jacqueline Griffin, Nancy Adduci, and Jamie

Santini ("movants"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P.

26, hereby respectfully move this Honorable Court for entry of a protective order to enforce the

deliberative process privilege, the attorney work product privileges, and the Grand Jury Secrecy

Act with respect to any questioning of Assistant State's Attorneys Jacqueline Griffin, Nancy

Adduci, and Jamie Santini at trial of this matter. In support of the relief requested herein,

movants state as follows:

**BACKGROUND**

Plaintiff alleges a wrongful pretrial detention based upon claims of deprivation of liberty

and malicious prosecution due to alleged police misconduct. This matter is currently scheduled

to commence trial on October 29, 2021 before the Honorable Joan H. Lefkow. Plaintiff and

Defendants have issued trial subpoenas to the within movants to appear and testify regarding

their respective involvement in the investigation, charging, indictment and prosecution of

Plaintiff in his underlying criminal case. (**Group Exhibit "A",** trial subpoenas issued to

movants).

1

Upon information and belief, movants anticipate that Plaintiff and/or Defense counsel intend to question ASAs Jacqueline Griffin, Nancy Adduci and Jamie Santini at trial in a manner which will violate the deliberative process privilege, the attorney work product privilege and the Grand Jury Secrecy Act. Questions to these witnesses which bear upon, involve or relate to: the decision-making process of the Cook County State's Attorney's Office ("CCSAO"); i.e. the analysis and reasoning behind the CCSAO's decision to charge, indict, and later dismiss charges against, Plaintiff; to recommend the release of Plaintiff from police custody; and the pre-decisional policy discussions, mental impressions, advisory opinions, recommendations, conclusions, legal theories, and deliberations of ASAs Jacqueline Griffin, Nancy Adduci, and Jamie Santini with respect to their investigation, charging, indictment and prosecution of Plaintiff for the crimes for which he was initially accused. Any such questions, or similar questions, are prohibited by the deliberative process privilege and/or the mental impressions-work product privilege doctrines and should be prohibited.

ASA Jamie Santini was involved with the presentation of Plaintiff's underlying criminal case to the Grand Jury. Upon information and belief, either or both Defense counsel and Plaintiff's counsel intend to question ASA Santini at trial in a manner which might or could cause ASA Santini to violate the Grand Jury Secrecy Act (725 ILCS 5/122-6 (West 2012)).

Undersigned counsel participated in phone conferences with counsel for both Plaintiff and Defendant prior to confirming that said counsel do, or may, intend to question movants in a manner which violates the deliberative process privilege, the attorney work product privilege, and the Grand Jury Secrecy Act. Accordingly, this motion complies with the requirements of conferring with affected parties regarding the matter at issue prior to seeking the relief requested herein.

2

**LEGAL STANDARD**

F.R.C.P 26(c) (1) expressly authorizes "A party *or any person* from whom discovery is sought….." to move for a protective order. Rule 26(c) of the Federal Rules of Civil Procedure authorizes the entry of a protective order to "protect any party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c). The rule permits the Court to, *inter alia,* "forbid inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id.* "Confidential information is customarily made available, if at all, under a protective order, and the district court has substantial discretion to decide which information should be protected and to frame the order." *Ball Mem'l Hosp., Inc. v. Mutual Hosp. Ins., Inc.*, 784 F.2d 1325, 1346 (7th Cir. 1986).

**LAW & ARGUMENT**

The deliberative process privilege "protects communications that are part of the decision-making process of a governmental agency." *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993) (citation omitted). The purpose of the privilege is to encourage candid discussion among government agents: "[s]ince frank discussion of legal and policy matters is essential to the decision-making process of a governmental agency, communications made prior to and as a part of an agency determination are protected from disclosure." *United States,* 11 F.3d at 1389. Privileged communications include not only conversations, but "documents reflecting advisory opinions, recommendations, and deliberations comprising part of the process by which governmental decisions and policies are formulated." *Dep't of Interior v. Klamath Water Users Protective Assoc.*, 532 U.S. 1, 9 (2001) (citing *Sears, Roebuck & Co.*, 421 U.S. at 150). The deliberative process privilege "typically does not justify the withholding of purely factual material," but covers "pre-decisional policy discussions ... and [ ] factual matters inextricably

3

intertwined with such discussions[.]" *Enviro Tech Int'l, Inc. v. U.S. E.P.A.*, 371 F.3d 370, 375

(7th Cir. 2004). In order to qualify for the deliberative process privilege, information must be

both pre-decisional and deliberative. *Enviro Tech Int'l, Inc.,* 371 F.3d at 375.

The work product doctrine, codified in Rule 26(b)(3), Federal Rules of Civil Procedure,

establishes a zone of privacy in which attorneys can analyze and prepare their client's case free

from scrutiny or interference by opposing party. *Sandra T.E. v. South Berwyn Sch. Dist. 100,* 600

F.3d 612, 618 (7th Cir.2010). What is often called "core work product" consists of "the mental

impressions, conclusions, opinions, or legal theories of a party's attorney or other representative

concerning the litigation." Rule 26(b)(3)(B). The adversary "shouldn't be allowed to take a free

ride on the other party's research, or get the inside dope on that party's strategy, or ... invite the

[trier of fact] to treat candid internal assessments of a party's legal vulnerabilities as admissions

of guilt." *Menasha Corp. v. U.S. Dept. of Justice*, 707 F.3d 846, 847 (7th Cir.2013*). See also,*

*Hobley v. Burge,* 433 F.3d 946, 949 (7th Cir.2006). (work product "prevents a litigant from

'taking a free ride on the research and thinking of his opponent's lawyer.').

Any questions posed to movants at trial which violate either the deliberative process or

attorney work product privilege should be prohibited. Based upon information and belief the

attorneys for the parties may intend on asking questions of movants such as the following: *what*

*was your opinion on the detention of Mr. Bahena?; did you consider that someone else*

*committed the shooting?; did it occur to you that he may not have committed the shooting?; what*

*was your opinion of the credibility, or capability to see, of this witness?; how did you rely on the*

*evidence provided to you by the Chicago Police Department in your decision to prosecute (or*

*not) Mr. Bahena?* All of these questions, in addition to a multitude of similar questions, are in

violation of the deliberative process and/or attorney work product privilege and they, and any

similar questions, should be prohibited.  Accordingly, attorneys for the parties should be

instructed that any questions which violate these privileges are prohibited.

The Illinois Grand Jury Secrecy Act provides, in pertinent part, as follows:

"§ 112-6. Secrecy of proceedings.

(a) Only the State's Attorney, his reporter and any other person authorized by the court or by law may attend the sessions of the Grand Jury. Only the grand jurors shall be present during the deliberations and vote of the Grand Jury. If no reporter is assigned by the State's Attorney to attend the sessions of the Grand Jury, the court shall appoint such reporter.

(b) Matters other than the deliberations and vote of any grand juror shall not be disclosed by the State's Attorney, except as otherwise provided for in subsection (c). The court may direct that a Bill of Indictment be kept secret until the defendant is in custody or has given bail and in either event the clerk shall seal the Bill of Indictment and no person shall disclose the finding of the Bill of Indictment except when necessary for the issuance and execution of a warrant.
(c)
(1) Disclosure otherwise prohibited by this Section of matters occurring before the Grand Jury, other than its deliberations and the vote of any grand juror, may be made to:
        a. a State's Attorney for use in the performance of such State's Attorney's duty; and
        b. such government personnel as are deemed necessary by the State's Attorney in the performance of such State's Attorney's duty to enforce State criminal law.

(2) Any person to whom matters are disclosed under paragraph (1) of this subsection (c) shall not use the Grand Jury material for any purpose other than assisting the State's Attorney in the performance of such State's Attorney's duty to enforce State criminal law. The State's Attorney shall promptly provide the court, before which was impaneled the Grand Jury whose material has been disclosed, with the names of the persons to whom such disclosure has been made.

(3) Disclosure otherwise prohibited by this Section of matters occurring before the Grand Jury may also be made when the court, preliminary to or in connection with a judicial proceeding, directs such in the interests of justice or when a law so directs.

(d) Any grand juror or officer of the court who discloses, other than to his attorney, matters occurring before the Grand Jury other than in accordance with the provisions of this subsection or Section 112-7 shall be punished as a contempt of court, subject to proceedings in accordance to law."

725 Ill. Comp. Stat. Ann. 5/112-6

The Grand Jury Secrecy Act prohibits disclosure of matters other than the deliberations and vote of any grand juror and of matters occurring before the Grand Jury, except for the disclosure may be made to, "a State's Attorney for use in the performance of such State's Attorney's duty; and such government personnel as are deemed necessary by the State's Attorney in the performance of such State's Attorney's duty to enforce State criminal law." *725 Ill. Comp. Stat. Ann. 5/112-6*. Additionally, "[a]ny person to whom matters are disclosed . . .shall not use the Grand Jury material for any purpose other than assisting the State's Attorney in the performance of such State's Attorney's duty to enforce State criminal law.

The justification for grand jury secrecy is well established by the Supreme Court: "We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings . . . In particular, we have noted several distinct interests served by safeguarding the confidentiality of grand jury proceedings. First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule." *Douglas Oil Co. of California v. Petrol Stops N.W.*, 441 U.S. 211, 218–19 (1979).

Illinois courts further strongly favor the secrecy of Grand Jury proceedings. "In furtherance of justice and upon grounds of public policy the law requires that grand jury proceedings shall be regarded as privileged communications and that the secrets of the grand jury

6

room shall not be revealed. The reasons usually given for this requirement are to prevent the escape of the accused, to secure freedom of deliberation and opinion among the grand jurors, and to prevent the testimony produced before them from being contradicted at the trial, by subornation of perjury." *People v. Goldberg*, 135 N.E. 84, 86 (Ill. 1922).

For these reasons, movant Jamie Santini petitions this Honorable Court to prohibit counsel from posing questions to him at trial which will cause him to violate his obligations under the Grand Jury Secrecy Act.

**WHEREFORE**, for all of the foregoing reasons, non-parties, Assistant State's Attorneys Jacqueline Griffin, Nancy Adduci, and Jamie Santini, by and through their undersigned counsel, pursuant to Fed. R. Civ. P. 26, respectfully move this Honorable Court for entry of a protective order to enforce the deliberative process privilege, the attorney work product privileges, and the Grand Jury Secrecy Act with respect to any questioning of Assistant State's Attorneys Jacqueline Griffin, Nancy Adduci, and Jamie Santini at trial of this matter, and for any additional relief as this Honorable Court deems necessary and just.

Respectfully Submitted,

By:     */s/ John C. Coyne*
John C. Coyne

**Law Offices of John C. Coyne**
53 West Jackson Blvd., Suite 1750
Chicago, IL  60604
(312) 929-4308
jcc@johnccoynelaw.com

## CERTIFICATE OF SERVICE

I, Patricia Andersen, certify that this Motion for Protective Order was filed and served electronically via the Court's CM/ECF filing system this 29th day of October 2021.

*/s/ Patricia Andersen*