**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RAMIRO BAHENA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17 cv 8532 |
| vs. | ) | |
| | ) | |
| DETECTIVE MICHAEL KENNEDY, STAR | ) | |
| #20102; DETECTIVE HIPOLITO VELAZQUEZ, | ) | The Honorable |
| STAR #21292; DETECTIVE JUAN CARLOS | ) | Joan H. Lefkow |
| MORALES STAR NO. 20741; DETECTIVE | ) | Judge Presiding |
| JOHN HILLMAN, STAR #20753, | ) | |
| | ) | |
| Defendants. | ) | |

## PROFFER OF ASA JAMIE SANTINI

If Defendants had been permitted to call ASA Jamie Santini to testify, ASA Santini would have been expected to have testify to the following:

1. He would have been expected to testify regarding his background as an Assistant State's Attorney, including his experience in general of presenting witnesses and evidence to grand juries.

2. He would have been expected to explain the grand jury process, including how evidence is presented to the grand jury, what findings a grand jury may make after hearing the evidence, including what a true bill of indictment is and how that affects criminal proceedings against a defendant.

3. He would have been expected to explain his review of grand jury cases assigned to him, including his review of the police reports, identification procedures, and any handwritten statements.

4. He would have been expected to testify that before presenting any witness to the GJ, he would interview the witness outside the presence of any law enforcement personnel.

1

5.  He would have further been expected to testify that if any witness raised any issue of being pressured or forced in any way to make a statement, he would not present said witness to testify under oath before a grand jury in order to rebut Arturo De La Cruz's testimony that he testified to the grand jury because he was feeling pressured.

6.  He would have further been expected to testify that if any eyewitness raised any issue of having poor eyesight that precluded said witness from being able to identify the suspect, he would not present said witness to testify under oath before a grand jury.

Respectfully submitted,

By:/s/ Larry S. Kowalczyk
    One of Defendants' Attorneys

Larry S. Kowalczyk-Special Assistant Corporation Counsel
Megan K. Monaghan-Special Assistant Corporation Counsel
Querrey & Harrow, Ltd.
120 N. LaSalle Street, Suite 2600
Chicago, IL 60602
(312) 540-7000
Email: lkowalczyk@querrey.com
    mmonaghan@querrey.com